IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KENNETH EVANS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:23-CV-722-DII |
| DOES 1-877, | § § | |
| Defendants. | § § | |

## ORDER

Before the Court is the above-entitled cause of action. On this day, the Court adopted United States Magistrate Judge Mark Lane's report and recommendation concerning Plaintiff Kenneth Evans's ("Plaintiff") Motion for a Default Judgment, (Dkt. 61), as to the remaining Defendants listed at Dkt. 61-2. The Court's order granted Plaintiffs' motion for default judgment. (Dkt. 65). Nothing remains to resolve in this case. Accordingly, the Court renders final judgment pursuant to Federal Rule of Civil Procedure 55.

It is **ORDERED** that Plaintiff is awarded his full costs and reasonable attorney's fees, subject to the submission of an accounting detailing fees and costs and a supporting affidavit.

It is **ORDERED** that pursuant to 17 U.S.C. § 504, Plaintiff is awarded $10,000 in statutory damages from each Defendant, against the remaining Doe Defendants listed in Exhibit 1 to the Motion for Default Judgment, Dkt. 61 ("Defaulting Defendants"), in addition to any post-judgment interest pursuant to 28 U.S.C. § 1961.

IT IS **FURTHER ORDERED** the Court enters a permanent injunction that pertains to all Defaulting Defendants as follows:

1. Defaulting Defendants, their successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, be enjoined and restrained from:

    a. advertising, displaying, distributing, selling, manufacturing, delivering, shipping, using, or enabling others to advertise, display, distribute, manufacture, deliver, ship, sell, or use any copies or derivative works based on Plaintiff's Media, other colorable imitations of Plaintiff's Media, or products and photographs that otherwise infringe on Plaintiff's copyright registrations;

    b. moving, relocating, or otherwise disposing of any funds currently located in Defaulting Defendants' online accounts, including, without limitation, from Alibaba, AliExpress, Amazon, eBay, Joybuy, Shopify, Walmart, Wish, Alipay, PayPal, Payoneer, WorldFirst, and Western Union;

    c. removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defaulting Defendants' webstores, websites, assets, operations, or relating in any way to the reproduction and display of Plaintiff's Media; and

    d. engaging in any other activity that infringes on Plaintiff's rights in any manner.

2. All of Plaintiff's Media in the Defaulting Defendants' reasonable control be deleted or destroyed pursuant to 17 U.S.C. § 503(b).

3. Those in privity with Defaulting Defendants and with actual notice of this Order, including ecommerce platform providers, such as Alibaba, AliExpress, Amazon, eBay, Joybuy, Shopify, Walmart, Wish, etc., will within 3 business days of receipt of this Order:

    a. Take all necessary steps to prevent any Defaulting Defendant from accessing or withdrawing funds from any accounts through which the Defaulting Defendants,

in the past, currently, or in the future, engage in the sale of products using the Infringing Photographs, including, but not limited to, any accounts associated with the Defaulting Defendants; and

b. Take all necessary steps to prevent any Defaulting Defendant from accessing or withdrawing funds from any accounts linked to the Defaulting Defendants, linked to any email addresses used by the Defaulting Defendants, or linked to any of the Infringing Webstores.

4. As to each Defaulting Defendant, until such Defaulting Defendant has paid in full the award of costs, attorney's fees, and statutory damages against it:

a. Alibaba, AliExpress, Amazon, eBay, Joybuy, Shopify, Walmart, and Wish (collectively the "Platforms") and PayPal, Payoneer, WorldFirst, Bill.com, Pingpong, Payeco, Umpay/Union Mobile Pay, Moneygram, Western Union, or other bank accounts or payment processors used by the Defaulting Defendants (collectively the "Payment Processors") will, within 2 business days of receipt of this Order, permanently restrain and enjoin any accounts connected to the Defaulting Defendants and the Defaulting Defendants' Infringing Webstores from transferring or disposing of any money or other of the Defaulting Defendants' assets.

b. All monies in Defaulting Defendants' financial accounts as of the date of this Order, including monies held by the Platforms and the Payment Processors, are hereby released to Plaintiff as partial payment of the above-identified damages, and the Platforms and Payment Processors are ordered to release to Plaintiff the amounts from the Defaulting Defendants' Platform or Payment Processor accounts within 10 business days of receipt of this Order.

  c. Plaintiff will have the ongoing authority to serve this Order on the Platforms or the Payment Processors in the event that any new accounts controlled or operated by the Defaulting Defendants are identified. Upon receipt of this Order, the Platforms or the Payment Processors will within 2 business days:

    i. Locate all accounts and funds connected to the Defaulting Defendants, the Defaulting Defendants' Infringing Webstores, and any email addresses provided for the Defaulting Defendants by any third parties;

    ii. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of the Defaulting Defendants' assets; and

    iii. Release all monies restrained in the Defaulting Defendants' accounts to Plaintiff as partial payment of the above-identified damages within 10 business days of receipt of this Order.

5. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff will have the ongoing authority to serve this Order on any banks, savings and loan associations, payment processors, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by the Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers will within 2 business days:

  a. Locate all accounts and funds connected to Defaulting Defendants, the Defaulting Defendants' Infringing Webstores, including, but not limited to, any accounts connected to the contact information Plaintiff identified to the court with his motion for default judgment (Dkt. 61-1) and any email addresses provided for the Defaulting Defendants by any third parties;

      b.     Restrain and enjoin such accounts or funds from receiving, transferring, or disposing of any money or other of the Defaulting Defendants' assets; and

      c.     Release all monies restrained in the Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within 10 business days of receipt of this Order.

6.     In the event that Plaintiff identifies any additional webstores, websites, domain names, or financial accounts owned by the Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to the Defaulting Defendants by email at the email addresses Plaintiff identified to the court (Dkt. 61-1) and any email addresses provided for the Defaulting Defendants by any third parties.

All other relief requested is **DENIED**. This case is now **CLOSED.**

**SIGNED** on October 2, 2024.

 

ROBERT PITMAN  
UNITED STATES DISTRICT JUDGE